UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD DOUGLAS DEPP, SR.<br><br>    Plaintiff,<br><br>            vs.<br><br>NUWAVE, LLC<br><br>    Defendant. | CIVIL ACTION<br><br>CASE NO. 2:16-cv-17126<br><br>SECTION: R"5"<br><br>JUDGE: SARAH S. VANCE<br><br>MAGISTRATE: MICHAEL NORTH |

## SECOND AMENDED COMPLAINT

*Jury Trial Demanded*

### INTRODUCTION

This complaint is brought by Donald Douglas Depp, Sr. (hereinafter "Mr. Depp" or "Plaintiff"), an experienced chef and restaurateur, who was injured and suffered serious burns when the 6.5-quart pressure cooker he purchased from Defendant exploded, spewing hot liquids onto his body. He was immediately taken to an urgent care facility; due to the severity of the burns, they were unable to treat him. Mr. Depp was then taken to East Jefferson General Hospital, where he was treated and kept overnight. Ultimately, he was transferred to Baton Rouge General Hospital's Regional Burn Center, where he was hospitalized overnight and received further treatment. As a result of the unreasonably dangerous nature of the pressure cooker, as defined by

1

the Louisiana Products Liability Act ("LPLA"),[1] Mr. Depp was severely burned on his face, on his arms, and on his chest. These injuries required months of painful rehabilitation.

## JURISDICTION AND VENUE

The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(l) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $ 75,000, excluding interest and costs.

Venue is proper in this district under 28 U.S.C. § 1331(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana.

## PARTIES

Plaintiff Donald Douglas Depp (hereinafter "Mr. Depp" or "Plaintiff") is currently a person of the full age of majority and a resident of the Eastern District of Louisiana and was so when the cause of action accrued. He purchased the defective pressure cooker from Defendant, and the defective pressure cooker caused his injury.

Defendant NUWAVE, LLC, is an Illinois LLC that does business in Louisiana. Its principal place of business is located at 1795 Butterfield Road, Libertyville, Illinois 60048. It may be served with process by serving its Registered Agent, Mr. Hunsu Son, whose principal place of business is located at 1190 S. Elmhurst Road, Suite 203, Mount Prospect, Illinois 60056.

## FACTUAL BACKGROUND

6. In 2015, Plaintiff viewed an infomercial advertising the NuWave 6.5 qt. pressure cooker as a safe and effective product. Based on the company's representations and/or express warranties

---

[1] La. R.S. 9:2800.51, *et seq.*

made in the infomercial he had just viewed, he called NuWave and ordered the pressure cooker. The representations and/or express warranties made in the infomercials about the nature, material, or workmanship of the pressure cooker posted by NuWave, LLC, on YouTube.com[2] include the following:

- "It looks like we have another product to add to the NuWave family. This is a pressure cooker, just like the one my grandma had, and just as safe."[3]

- "Also, the safety features. Cathy, walk me through some of the safety features on this."
  "Alright. You got it. We can start on the top."
  "Sure."
  "Inside on the top. Flip it over."
  "Alright."
  "So we have a nice silicone ring in here, as well as the extra valves on there, which is going to hold all the pressure inside."[4]

- "And also we have on here too is if too much pressure builds up on there, we have another nice peace of mind on there of a safety feature where there's a gasket that it automatically releases pressure for you, so not too much builds up, which is good."[5]

- "So be comfortable selling them. Be comfortable telling our friends that love our NuWave products that the pressure cooker is a great thing to add to the PIC."[6]

- "As you know with chefs, they want to cook fast, safe, efficiently. We can do that with this." "Oh, yeah. That and more."[7]

---

[2] To the extent that other infomercials may have included other representations and/or express warranties, Defendant made substantially similar claims as to the safety of its products on its own product posting on Amazon.com, where it claimed that the subject pressure cooker "works using our specialty lid. It fits firmly into place using the ridges on the lip of the pan and locks via a switch on the handle. The airtight seal is created with the silicone gasket which lines the inside of the lid. The handle also houses a safety indicator to let you know when pressure is maxed out and when it must be released. These are safety features so that giving [sic] you peace of mind while you cook your entire meal in just one pot."

[3] Hearthmovie2, *Pressure Cooker_instructional*, YouTube (April 12, 2013), https://www.youtube.com/watch?v=IVUzjyIGDf8.

[4] Hearthmovie2, *Pressure Cooker_instructional*, YouTube (April 12, 2013), https://www.youtube.com/watch?v=IVUzjyIGDf8.

[5] Hearthmovie2, *Pressure Cooker_instructional*, YouTube (April 12, 2013), https://www.youtube.com/watch?v=IVUzjyIGDf8.

[6] Hearthmovie2, *Pressure Cooker_instructional*, YouTube (April 12, 2013), https://www.youtube.com/watch?v=IVUzjyIGDf8.

[7] NuWave, LLC, *NuWave Pressure Cooker*, YouTube (June 24, 2015), https://www.youtube.com/watch?v=c2BFPNhf_iw.

> "And then, if too much pressure is in here, it will come out of the side automatically for you, so there's another peace of mind for the PIC Pressure Cooker."[8]

7. The cooker is a cooking pot with a special lid that locks into place on top of the pot designed to be used for efficient preparation of food. The product is designed to prepare full meals from scratch by boiling liquids inside a sealed pot that produces steam, which is trapped inside of the pot to create pressure. The resulting temperatures produced are supposed to cook meals more efficiently, while the food maintains more nutrients than in conventional cooking methods.

8. On or about December 15, 2015, Doug Depp was in his home, using the NuWave Precision Pressure Cooker ("subject pressure cooker"), which was designed and/or manufactured and/or sold directly by defendant, NuWave, LLC, the Manufacturer and/or Seller under the LPLA.

9. At about 6:00 in the evening, he was using the subject pressure cooker to prepare a beef dish according to the instructions provided in the NuWave Pressure Cooker Recipes book.

10. At all times material hereto, Mr. Depp was using the subject pressure cooker for the foreseeable purpose(s) for which it was designed, developed, manufactured, tested, sold, and/or marketed by Defendant. Mr. Depp was a foreseeable user of the cooker.

11. Following the subject pressure cooker's instructions, Mr. Depp attempted to open the subject pressure cooker. When he did so, the cooker exploded, spewing hot liquid onto him, covering his arms, chest, and face.

12. The lid of the subject pressure cooker was supposed to remain locked if its contents were pressurized. This failsafe failed.

---

[8] NuWave, LLC, *NuWave Pressure Cooker*, YouTube (June 24, 2015), https://www.youtube.com/watch?v=c2BFPNhf_iw.

13. Mr. Depp was immediately transported to the urgent care facility located at the corner of West End Boulevard and Robert E. Lee Boulevard, a short distance from his house. The doctors there told him there was nothing they could do.

14. The next day, Mr. Depp was taken to East Jefferson General Hospital in Metairie, Louisiana, where he was diagnosed with second and third degree burns and hospitalized overnight.

15. Mr. Depp was then taken to the Baton Rouge General Hospital's Regional Burn Center in Baton Rouge, Louisiana where he was hospitalized and treated.

16. Following the explosion, Mr. Depp suffered excruciating pain for months and required six months of post-explosion treatment and follow-up care to recover. During this time and since the explosion, Mr. Depp's quality of life was and continues to be severely diminished.

17. Mr. Depp did not modify the subject pressure cooker in any way before using it, and it was in substantially the same condition it had been in when it left the manufacturer. The counter on which it was placed was level; nothing was obstructing or surrounding the cooker, and nothing was on top of the cooker's lid.

18. Defendant's failure to take reasonable care in developing, designing, manufacturing, selling, and/or marketing a product free from defects and safe for consumer use and/or Defendant's failure to warn consumers adequately of dangers related to its product proximately caused Mr. Depp's injuries and damages.

### Count One:  The Subject Pressure Cooker is Unreasonably Dangerous Because of Nonconformity to an Express Warranty

19. Plaintiff incorporates the above paragraphs 1-18 by this reference as if set forth fully herein.

20. The subject pressure cooker is unreasonably dangerous because it does not conform to multiple express warranties made by Defendant about the product, including statements made in

the infomercials and in the instruction manual. Defendants marketed and promoted the subject pressure cooker as being of a safe nature. These express warranties induced Mr. Depp to purchase and use the subject pressure cooker. Mr. Depp's damage and injuries were caused because these express warranties were untrue.

    21. The subject pressure cooker is marketed by Defendant in a way that would intentionally mislead a customer into believing that the product was reasonably safe. Defendant's promotion of the subject pressure cooked misleads customers into believing it is equipped with multiple safeguards listed in its "Safety Systems and Structure" section of the instruction manual. Furthermore, Defendant's promotion and marketing of the subject pressure cooker misleads customers into believing it was well-tested and would function to prevent the exact kind of harmful pressured explosion that is the subject of this lawsuit, with safety features including but not limited to:

- 1, **Safety plate**: This is activated with the locking valve to avoid opening the lid when there is pressure in the cooker.
- 2, **Safety valve**: A safety device opens and closes automatically to avoid excess pressure within the cooker.
    - 2a, Safety valve
    - 2b, O-Ring for safety valve
- 3, **Batch Number**.
- 4, **Safety Window**: A safety device to release excess pressure by pushing the rubber gasket out when the cooking pressure is too high.
- 5, **Anti-Clogging Nut**: It effectively prevents food from plugging the steam outlet to avoid excess pressure within the pressure cooker.
- 6, **Rubber Gasket**: It must be completely clean.
- 7, **Lid**: Made of quality stainless steel.
- 8, **Lid Long Handle**: Used to remove the lid from the cooker, the lid handle contains important components vital to the use of the pressure cooker.
- 9, **Push Plate**: When the lid is properly closed, push the push plate backwards to lock. Push the push plate forwards to unlock the lid.
- 10, **Pressure Indicator**: Pressure indicator moves up in a few minutes after heated and it returns to original place when pressure completely released.
- 11, **Pressure Regulator**: Pressure setting device: "1"=low pressure level, "2"=high pressure level. This keeps the pressure within the normal operating level and keeps the pressure stable while cooking.

- o 11a. Valve shaft
- o 11b. Large spring
- o 11c. Small spring
- o 11d. Valve shaft cover
- o 11e. Valve shaft core
- o 11f. Ventilated pipe: the device for the releasing of steam in the cooker.
- o 11g. Sealing ring for pressure regulator.
- 12, **Pressure Regulator Base**: Part of pressure control device.
- 13, **Side Handle**: This functions as a helping handle when moving the cooker.
- 14, **Pressure Cooker Pot**.
- 15, **Body Base**: It's made up of three layers of material, with quick and even heat conduction and can be used on induction.
- 16, **Body Long Handle**: "D" marks the right position where lid and pot fits [sic] together.

22. Defendant made substantially the same representations and/or express warranties in its infomercials, in its written advertisements both in print and on the web, and in its instruction manual.

23. Mr. Depp justifiably relied upon Defendant's representations and used the subject pressure cooker in an expected and reasonable manner. Despite this and because of the product's defect, Plaintiff experienced severe and harmful injuries, some of which are permanent and lasting in nature.

**Count Two: The Subject Pressure Cooker is Unreasonably Dangerous in Construction or Composition**

24. Plaintiff incorporates the above paragraphs 1-23 by this reference as if set forth fully herein.

25. The subject pressure cooker is unreasonably dangerous because it deviated in a material way from the Defendant's specifications or performance standards for the product at the time it left Defendant's control. The safety features listed above would have prevented a non-deviating unit from malfunctioning and exploding in the way that the subject pressure cooker did.

Because Mr. Depp was using the subject pressure cooker in a reasonably anticipated way, in other words, it should not have malfunctioned.

26. Defendant violated the LPLA[9] with respect to the subject pressure cooker in one or more of the following respects:

- Failing to take proper steps to ensure that the cooker could not malfunction as described above;

- Failing to conduct an appropriate inspection of the cooker;

- Marketing, selling, and shipping the cooker in an unsafe condition;

- Failing to test the cooker thoroughly and adequately so that the lid would not improperly discharge from the cooker when there was still pressure inside, or to ensure that the described safety features would function properly.

- Failing to equip the cooker with properly functioning safety features that would prevent the lid from opening while the contents were under pressure;

- Failing to prevent malfunction of the cooker's safety features during regular use;

- Failing to discover or remedy the defects in and dangerous condition of the cooker.

27. Because Defendant designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed a product that was unreasonably dangerous in construction or composition when used in its intended or reasonably foreseeable manner, Defendant is liable for the injuries and damages sustained by Plaintiff.

28. Each of the above listed acts and/or omissions, taken singularly or in combination, was a violation of the LPLA and a proximate and direct cause of Mr. Depp's injuries and damages.

29. As a direct and proximate result of Defendant's conduct, Plaintiff, Mr. Depp, suffered the following injuries and damages:

---

[9] Specifically, La. R.S. 9:2800.55.

- Past and future medical expenses;

- Physical and mental pain and suffering, embarrassment, and other general damages in the past and future;

- Disfigurement in the past and future;

- Physical impairment in the past and future;

- Lost earning and earning capacity.

## PRAYER FOR RELIEF

**FOR THESE REASONS**, Plaintiff Donald Douglas Depp, Sr., asks the court to enter judgment against Defendant NuWave, LLC, for his actual damages, including past and future pain and suffering, past and future mental anguish, physical disfigurement, physical impairment, past and future medical expenses, loss of past and future earning capacity, and loss of household services. He also seeks pre-judgment and post-judgment interest at the lawful rate, the costs of bringing this suit, and all such other and further relief to which Plaintiff may show himself justly entitled under law or in equity.

Respectfully submitted,

/s/ Joseph C. Peiffer
   Joseph C. Peiffer
La. State Bar No. 26459
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE APLC
201 St. Charles Ave., Ste. 4610
New Orleans, LA 70170
Telephone: (504) 523-2434
Facsimile: (504) 523-2464
jpeiffer@prwlegal.com
*Attorney for Plaintiff*